## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEVIN B. SIRMAN, )<br>)<br>Defendant. ) | Criminal Action No. 07-142-SLR |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney, and Edson Bostic, Esq., attorney for the Defendant, Kevin B. Sirman (hereinafter "Defendant"), the following agreement is hereby entered into by the respective parties:

1.    The Defendant agrees to waive indictment and plead guilty to a one-count Information charging him with wire fraud, in violation of Title 18, United States Code, Section 1343.  The Defendant understands that if he were to proceed to trial on the Information, the Government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of an interstate wire communication in furtherance of the scheme.  The maximum penalties for this charge are twenty (20) years imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment, as well as restitution.

2.    The Defendant knowingly, voluntarily, and intelligently waives his right to be charged by Indictment and agrees to execute any forms necessary to effectuate his waiver.

3. The Defendant knowingly, voluntarily, and intelligently admits that, as the owner and operator of Joseph Phillips & Gray ("JP&G"), a debt collection agency, he falsely and fraudulently collected funds from debtors of JP&G's clients and then retained those funds without authorization from JP&G's clients. In particular, in or about November 2006 through January 2007, Defendant caused an employee of "Company 1," in Mississippi, to fax to him in Delaware checks made out to a JP&G client, "Client A," for $8,800. "Company 1" was a debtor of "Client A." These faxes were provided by "Company 1" to Defendant to enable Defendant to make payments to "Client A." Defendant withdrew $8,800 from "Company 1's" bank account but did not forward any of that amount to "Client A," instead keeping the funds for himself. Defendant knowingly, voluntarily, and intelligently admits that, between approximately December 2005 and January 2007, Defendant defrauded approximately 13 JP&G clients by using JP&G to collect and retain approximately $145,000 that belonged to JP&G's clients.

4. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction under United States Sentencing Guideline Section 3E1.1(b).

5. Based on information and analyses disclosed by the government to Defendant prior to the date of this memorandum, the government and Defendant stipulate that for purposes of U.S.S.G. § 2B1.1(b)(1) the loss involved in the instant offense, including relevant conduct as defined in U.S.S.G. § 1B1.3, is more than $120,000 and less than $200,000. The government

and Defendant further stipulate that for purposes of U.S.S.G. § 2B1.1(b)(2) the offense involved more than 10 victims but fewer than 50 victims. The government reserves the right to withdraw these stipulations if, in its sole discretion, it determines prior to sentencing that the Defendant has not provided truthful or complete information regarding this stipulation. Defendant understands that if the government exercises the right described in the preceding sentence, Defendant still may not withdraw his guilty plea.

6. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

7. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the Defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

8. The Defendant agrees to pay the $100 special assessment at the time of sentencing.

9. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____   BY:   _____
Edson Bostic, Esq.                      Christopher J. Burke
Attorney for Defendant                  Assistant United States Attorney

_____
Kevin B. Sirman
Defendant

Dated: *January 22, 2008*

**AND NOW** this *22nd* day of *January*, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
The Honorable Sue L. Robinson
United States District Judge

4